## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL BRONSON,                             Case No. 1:16-cv-1111
     Plaintiff,

                                      Barrett, J.
     vs.                                  Bowman, M.J.

HON. NORBERT NADEL,                         **REPORT AND**
     Defendant.                           **RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution, has filed a prisoner civil rights action under 42 U.S.C. § 1983 against defendant Hamilton County Judge, the Honorable Norbert Nadel.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, attached affidavit, and memorandum, plaintiff claims that his guilty plea entered in Hamilton County Court of Common Pleas case number B-1302369 was involuntary and that his trial counsel provided ineffective assistance of counsel by failing to inform plaintiff of the maximum sentence he faced for all charges.  (*See* Doc. 1).  Plaintiff does not indicate the relief sought in the complaint submitted to this Court; however, he attaches a memorandum in support from a petition for post-conviction relief filed in the state court seeking to vacate his convictions and immediate release from custody.[1]  (*See id.* at PageID 14–34).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

First, to the extent that plaintiff seeks to challenge his conviction and sentence, he must file a petition for a writ of habeas corpus.  Where a state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, to the extent plaintiff seeks relief in the form of an

---

[1] The online docket sheet for plaintiff's state court case was viewed at www.courtclerk.org under case number B-1302369.  The online docket indicates that plaintiff has filed a notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeal's October 5, 2016 judgment entry affirming the denial of his post-conviction petition.

immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action under Section 1983. Plaintiff is therefore directed to file a petition for writ of habeas corpus after he has exhausted his state court remedies if he wishes to challenge the validity of his criminal conviction. *Hadley,* 753 F.2d at 516.

To the extent that plaintiff may also seek damages against defendant Nadel, his 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment rendered in an inmate's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under § 1983 must be dismissed unless the inmate has already succeeded in having the conviction or sentence invalidated through reversal on direct appeal, expungement by executive order, or declaration of invalidity by a state tribunal authorized to make such a determination or by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck,* 512 U.S. at 486-87.

In this case, a judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his guilty plea, conviction, and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

Plaintiff's complaint against defendant Nadel should also be dismissed because judges

are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.), *cert. denied,* 474 U.S. 971 (1985). It appears that the actions challenged by plaintiff are functions normally performed by judges and therefore judicial acts. *Stump*, 435 U.S. at 362. In addition, plaintiff has not alleged facts indicating that the defendant acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, defendant Nadel is absolutely immune from civil liability for damages in this matter.

Accordingly, having found that plaintiff fails to state a claim upon which relief may be granted by this Court, plaintiff's complaint should be dismissed under 28 U.S.C. § 1915A(b). As noted above, to the extent that plaintiff wishes to challenge his conviction and sentence, he should file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL BRONSON,                          Case No. 1:16-cv-1111
      Plaintiff,

                                           Barrett, J.
      vs.                                  Bowman, M.J.

HON. NORBERT NADEL,
      Defendant.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).